IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO GRAY, # 258788, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13cv761-WHA |
| | ) | (WO) |
| LEON FORNISS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Orlando Gray ("Gray") on October 17, 2013.[1]  Doc.

No. 1.  Gray presents claims challenging the constitutionality of his convictions and 99-year

sentence of imprisonment for first-degree kidnapping and first-degree rape, obtained in 2008

following a jury trial in the Macon County Circuit Court.[2]  The respondents (Doc. No. 15)

---

[1] Gray states that he delivered his petition to prison officials for mailing on October 28, 2013.
*See* Doc. No. 1 at 19.  However, the petition was received and filed in this court on October 18, 2013
– ten days *before* the date Gray says he delivered it to prison officials.  Under the "mailbox rule,"
a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.
*Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th
Cir. 1999).  The envelope in which Gray's petition was mailed to this court bears a postmark of
October 17, 2013.  Under the circumstances, the court will consider the earliest date indicated in the
record, i.e., October 17, 2013, as the date on which Gray filed his petition.

[2] Gray appears to claim that his trial counsel rendered ineffective assistance of counsel by (1)
failing to file a written pretrial motion to suppress his statement; (2) failing to challenge the lack of
medical findings that a rape occurred; (3) failing to object to the testimony of a witness who was
improperly allowed to testify as an expert; (4) failing to subpoena certain witnesses to testify at trial;
(continued...)

argue that Gray's petition is time-barred under the one-year federal limitation period. *See* 28 U.S.C. § 2244(d). After reviewing the pleadings, evidentiary materials, and applicable law, the court finds that no evidentiary hearing is required and that the § 2254 petition should be denied as untimely.

## II.   DISCUSSION

<u>Federal Limitation Period</u>

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2](...continued)
(5) failing to seek an independent DNA expert to examine the evidence; (6) failing to object to the testimony of the nurse who examined the victim at the hospital; and (7) failing to investigate hearsay in the community that the victim had allegedly made other claims of sexual misconduct against individuals in the community. Doc. No. 1 at 4-10.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### State Court Proceedings

On April 17, 2008, a Macon County jury found Gray guilty of first-degree kidnapping and first-degree rape. *See* Resp't's Ex. C at 7. On May 1, 2008, the trial court sentenced Gray, as a habitual felony offender, to concurrent terms of 99 years in prison. *Id*.

Gray appealed, and on December 19, 2008, his convictions and sentence were affirmed in a memorandum opinion issued by the Alabama Court of Criminal Appeals. Resp't's Ex. A. Gray did not file an application for rehearing in the Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court. The Court of Criminal Appeals issued a certificate of judgment on January 7, 2009. Resp't's Ex. B.

On September 29, 2009, Gray filed a *pro se* Rule 32, Ala.R.Crim.P., petition in the trial court challenging his convictions and sentence. *See* Resp't's Ex. C. at 13.[3] On October 21, 2009, the trial court entered an order denying the Rule 32 petition. *Id*. at 55. Gray appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. On February 8, 2013, after the case was remanded to the trial court for further findings as to

---

[3] The court uses the mailbox rule to determine when Gray's Rule 32 petition was filed.

Gray's Rule 32 claims, the Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying the Rule 32 petition. Resp'ts Ex. H; *see* Resp'ts Exs. F & G. Gray filed an application for rehearing, which was overruled on March 22, 2013. Resp'ts Exs. I & J. He then filed a petition for a writ of certiorari with the Alabama Supreme Court, which that court denied on June 7, 2013, the same date on which the court entered its certificate of judgment. Resp'ts Exs. K & L.

<u>Application of Federal Limitation Period</u>

Because Gray, on direct appeal, did not seek certiorari review in the Alabama Supreme Court, his conviction became final (and the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) began to run) when the Alabama Court of Criminal Appeals issued the certificate of judgment on direct review, i.e., on January 7, 2009. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006).

As noted, Gray filed a Rule 32 petition in the trial court on September 29, 2009. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a § 2254 petition – which by that time had run for 265 days[4] – was tolled. *See Tinker v. Moore*, 255 F.3d 1331,

---

[4] That is, from January 7, 2009, to September 29, 2009. Gray argues, incorrectly, that the limitation period was tolled from the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment on direct review (January 7, 2009) through the filing of his Rule 32 petition and the ensuing state-court proceedings on the Rule 32 petition. Doc. No. 19. This argument misconstrues the plain language of § 2244(d)(2), which provides that the limitation period shall be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending*[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). A Rule 32 petition cannot be pending until it is filed, and Gray filed his Rule 32 petition on September 29, 2009.

1335 n.4 (11ᵗʰ Cir. 2001). The limitation period remained tolled until June 7, 2013, when the Alabama Supreme Court issued the certificate of judgment finalizing the state court proceedings on Gray's Rule 32 petition. One hundred and thirty-two days later, on October 17, 2013, Gray filed the instant § 2254 petition. However, by that time, the federal limitation period had run for a total of 397 days (265 days plus 132 days). Therefore, absent further statutory tolling or equitable tolling, the one-year limitation period in § 2244(d) expired before Gray filed the instant petition.[5] *See* 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B) - (D) do not provide safe harbor for Gray such that the one-year limitation period might have commenced on some date other than when Gray's conviction became final by the conclusion of direct review in his case. There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances

---

[5] Specifically, the court finds that the limitation period expired on September 16, 2013, the first business day after September 15, 2013.

that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Fla.*, 560 U.S. 631 (2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Gray fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period.  Consequently, the court concludes that Gray is not entitled to equitable tolling.

Under the circumstances set forth above, it is evident that the one-year limitation period in § 2244(d) expired on September 16, 2013.  Because Gray did not file his § 2254 petition until October 17, 2013, his petition is time-barred and this court may not address the merits.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and this case be DISMISSED with prejudice under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before July 7, 2015.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

7